[Cite as *State v. Tribune*, 2017-Ohio-1407.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-04-027 |
| | : | O P I N I O N |
| - vs - | | 4/17/2017 |
| | : | |
| GEORGE RICHARD TRIBUNE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15 CR 31192

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Jennifer S. Getty, 7501 Paragon Road, Lower Level, Dayton, Ohio 45459, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, George Tribune, appeals his conviction and sentence in the Warren County Court of Common Pleas for operating a vehicle while under the influence of alcohol (OVI) with an accompanying habitual offender specification. For the reasons detailed below, we affirm.

{¶ 2} This is Tribune's twentieth OVI conviction. On August 24, 2015, Tribune was

indicted on two OVI counts in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(h). Both counts were accompanied with specifications that Tribune had previously been convicted of five or more OVI offenses within the past 20 years pursuant to R.C. 2941.1413(A).

{¶ 3} Tribune pled guilty to both counts and the attending specifications. At the October 29, 2015 sentencing hearing, the trial court merged the two counts and imposed a three-year prison term for the violation of R.C. 4511.19(A)(1)(h) to be served consecutive with a five-year mandatory prison term for the repeat offender specification. Tribune now appeals, raising three assignments of error for review. For ease of discussion, we will address Tribune's assignments of error out of order.

{¶ 4} Assignment of Error No. 2:

{¶ 5} MR. TRIBUNE WAS DENIED HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶ 6} In his second assignment of error, Tribune argues that he was denied effective assistance of trial counsel because his attorney had not reviewed the state's evidence prior to his guilty plea. We find Tribune's argument to be without merit.

{¶ 7} To establish a claim of ineffective assistance of counsel, the appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *State v. Patrick*, 12th Dist. Butler No. CA2015-05-090, 2016-Ohio-995, ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In the context of a guilty plea, prejudice will not be found unless a defendant demonstrates there is a reasonable probability that, if not for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Peters*, 12th Dist. Clermont No. CA2015-07-066, 2016-Ohio-5288, ¶ 14.

{¶ 8} The record here supports Tribune's contention that his trial counsel did not

review the evidence prior to the guilty plea. The reasons for that failure, however, are fully provided in the record and do not support a claim of ineffective assistance of counsel. As the record indicates, Tribune and his trial counsel were present for a pretrial hearing when the trial court noted that the parties had entered into a plea agreement. During the hearing, Tribune's trial counsel noted that he had not reviewed the state's evidence, but had advised Tribune that there may be potential defenses to his case. Still, Tribune proceeded with a guilty plea. As Tribune's trial counsel stated on the record:

> [TRIAL COUNSEL]: Your Honor, may I make a statement at this time? I want to make a record of the fact that I have not reviewed the evidence against my client. I explained that to him.
>
> THE COURT: You have not?
>
> [TRIAL COUNSEL]: I have not. And I also explained to him that I thought we should at least give a Motion to Suppress a shot, and he and I talked about that. It's not customary to plead as charged in a situation like this without being offered anything at all. He certainly has nothing to lose by going to trial and we talked about that. So I want the record to be clear, you know, my standpoint what would [sic] I tried to do as far as Mr. Tribune.
>
> Now, he explained to me that he felt that he committed the crime and he wants to get it going as quickly as possible. And that's why we are here.
>
> THE COURT: Well, I think I'm going to do something that accomplishes both objectives. Have you provided discovery, [Prosecutor]?
>
> [PROSECUTOR]: Yes, Your Honor.
>
> [TRIAL COUNSEL]: Okay. I'm going to accept the plea at this time. I'll make a finding of guilty. During this pre-sentence investigation it takes a little time for them to get over to interview him. If you want to go over and go over the evidence with him on this and if he reconsiders, then I'm going to give you an opportunity to withdraw your plea. It's going to toll time for sure, but if you go over the evidence with him and he sees that he has a case that or a defense in this case, then we'll reconsider it at that time.

Tribune did not attempt to withdraw his guilty plea and the matter proceeded to sentencing.

{¶ 9}   Based on our review, we find the record does not support Tribune's claim of ineffective assistance of counsel.  While an attorney's failure to review evidence in a case would ordinarily be problematic, the record establishes that the guilty plea was done entirely on Tribune's own accord.  Here, Tribune's trial counsel candidly admitted that he had not reviewed the state's evidence and had advised his client of potential defenses, even noting that he believed that a motion to suppress was worth pursuing.  Still, the record reflects that the decision to plead guilty under the circumstances was Tribune's decision based on his belief that he committed the crime and wanted to resolve the legal proceedings as quickly as possible.  The record supports a finding that Tribune's decision to plead guilty was fully his own, untainted by ineffective assistance of counsel, and there is no evidence to suggest that Tribune would not have pled guilty under different circumstances.  Accordingly, we fail to find any merit to Tribune's argument on this issue.

{¶ 10}   Separately, Tribune argues he received ineffective assistance of counsel because his trial counsel failed to oppose the $1,350 mandatory fine that was imposed at sentencing.  Tribune asserts that there was a reasonable probability that the trial court would have found him indigent and unable to pay the fine had his trial counsel filed an affidavit of indigency regarding his ability to pay the fine.

{¶ 11}   However, this court and other Ohio courts have held that the failure to file an affidavit of indigency only constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed.  *State v. Russia*, 12th Dist. Butler No. CA2013-01-003, 2013-Ohio-4125, ¶ 8.  In the present case, Tribune does not offer any evidence that the trial court would have found him indigent and unable to pay the fine had the affidavit been filed.  Tribune's PSI was not included in the record on appeal and there is no evidence to suggest that he would otherwise be unable to pay the fine.  While Tribune was

- 4 -

found indigent for purposes of appointed counsel, that is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine. *State v. Bolden*, 12th Dist. Preble No. CA2003-03-007, 2004-Ohio-184, ¶ 35. As there is no evidence before this court to suggest that the trial court would have found Tribune indigent and unable to pay the fine, we also fail to find ineffective assistance of counsel on this issue.

{¶ 12} As a result, we find that Tribune did not receive ineffective assistance of counsel. Tribune's second assignment of error is without merit and hereby overruled.

{¶ 13} Assignment of Error No. 3:

{¶ 14} MR. TRIBUNE'S PLEA WAS NOT KNOWLINGLY [sic], INTELLIGENTLY, AND VOLUNTARILY MADE IN ACCORDANCE WITH CRIMINAL RULE 11 AND WAS THEREFORE UNCONSTITUTIONAL.

{¶ 15} In his third assignment of error, Tribune argues that his guilty plea was not knowing, intelligent, or voluntary because neither he nor his trial counsel had the opportunity to review the state's evidence. We find no merit to Tribune's argument.

{¶ 16} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Payne*, 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 7. To ensure that a defendant's guilty plea is knowingly, intelligently and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *Id.*

{¶ 17} As relevant here, pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant

- 5 -

is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 18} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights he is waiving. *State v. Shavers*, 12th Dist. Butler No. CA2014-05-119, 2015-Ohio-1485, ¶ 9. However, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether the defendant subjectively understood the effects of his plea. *State v. Givens*, 12th Dist. Butler No. CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 19} After a thorough review of the record, we find the record does not support Tribune's claim. The trial court conducted an appropriate Crim.R 11(C) plea colloquy before Tribune entered his guilty plea. While Tribune argues that his plea cannot be knowing, intelligent, or voluntary based on a failure to review evidence, for the reasons detailed in his second assignment of error, we decline to adopt Tribune's reasoning. As previously noted, the record supports a finding that Tribune entered his guilty plea with full awareness of the circumstances. Tribune's trial counsel indicated that he had not fully reviewed the evidence in the case, but advised that Tribune "felt that he committed the crime and he wants to get it

going as quickly as possible." The record reveals that Tribune was well aware of the offense to which he was pleading guilty, his twentieth such OVI offense, the effect of his plea, the rights he was waiving, and the fact that he faced a lengthy prison term as a result of his plea. Accordingly, we find appellant's guilty plea was knowing, intelligent, and voluntary. Tribune's third assignment of error is overruled.

{¶ 20} Assignment of Error No. 1:

{¶ 21} THE TRIAL COURT ERRED IN SENTENCING MR. TRIBUNE TO AN EXCESSIVE SENTENCE THAT WAS NOT SUPPORTED BY THE RECORD AND CONTRARY TO LAW.

{¶ 22} In his first assignment of error, Tribune alleges that his eight-year prison sentence is excessive and contrary to law. We disagree.

{¶ 23} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 24} Tribune was convicted and sentenced for third-degree felony OVI in violation of R.C. 4511.19(A)(1)(h) and the accompanying specification under R.C. 2941.1413(A). The

trial court imposed the maximum sentence of five years for the repeat-offender specification, to be served prior to and consecutive to three years for the underlying OVI conviction. *See State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, ¶ 1.

{¶ 25}   On appeal, Tribune argues that the trial court's sentence was unduly harsh and contrary to law. While acknowledging his prior criminal conduct, which includes 19 prior OVI convictions and an aggravated arson conviction, Tribune argues that his offense was "not the worst form of the offense." Tribune also states that he is remorseful for his actions and acknowledges that he is an alcoholic, which is a direct cause of his criminal conduct.

{¶ 26}   However, based on our review of the record, we find no error in the trial court's sentencing decision. The trial court properly considered all relevant sentencing factors including the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and the trial court's sentence was within the permissible statutory range for the offense. Though Tribune was cooperative throughout these proceedings and appears to show genuine remorse for his lifestyle choices, the trial court's decision to impose the maximum prison term was appropriate to protect the public and punish him for his offenses. Tribune has a lengthy criminal history and continues to pose a serious danger to the innocent public. Tribune's untreated alcoholism, 19 prior OVI convictions, and his continued commission of OVI offenses are considerations that support the trial court's decision. Accordingly, we find Tribune's sentence is not contrary to law and his first assignment of error is overruled.

{¶ 27}   Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.