[Cite as *State v. Byrd*, 2022-Ohio-1364.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-07-011 |
| Appellee, | : | O P I N I O N |
| | | 4/25/2022 |
| | : | |
| - vs - | | |
| | : | |
| ANTHONY B. BYRD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20210002

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

Shannon M. Treynor, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, Anthony Byrd, appeals his conviction in the Madison County Court of Common Pleas for cocaine possession and having weapons while under disability.

{¶ 2} Appellant was indicted in February 2021 on two counts of having weapons while under disability, two counts of improperly handling a firearm in a motor vehicle, and one count of cocaine possession. The charges stemmed from the discovery of a loaded

handgun on the passenger floor of appellant's vehicle and a bag of cocaine on appellant's person during a traffic stop. Appellant had a prior felony conviction which disqualified him from possessing a firearm. Appellant claimed the handgun belonged to a friend who had left it in the car; however, a search of appellant's vehicle's trunk yielded a 50-count box of ammunition for the handgun, less the five rounds already in the handgun.

{¶ 3} Counsel was appointed to represent appellant. During a formal pretrial hearing on May 7, 2021, trial counsel moved to continue the matter, explaining that appellant was unable to decide on a plea offered by the state because he had lost contact with trial counsel and the two of them were only recently "able to begin speaking again." The trial court declined to continue the matter. Appellant did not take the plea deal and the plea offer remained open. The matter proceeded to a jury trial on May 18, 2021.

{¶ 4} On the morning of the trial, appellant had a change of heart regarding the plea offer; the matter proceeded to a plea hearing. The trial court asked appellant if he had read and discussed the written waiver and plea form with trial counsel prior to signing it. Appellant replied affirmatively. Appellant further stated he understood the written terms of the plea agreement and that trial counsel had answered his questions. When asked whether he was satisfied with trial counsel's representation, appellant replied, "I can't say that I am because we never really got a chance to communicate like we could have in preparation for the case." In response to the trial court's probe, trial counsel explained that

> I had this case at preliminary hearing across the street. * * * We actually had a fair amount of contact before I was appointed to the case up here, and right when I was appointed to the case up here, unfortunately, me and Mr. Byrd substantially lost contact with each other.
>
> From that point till the final pretrial, since the final pretrial, we've only been able to have a couple shorter phone calls. But that's been a few in the last few days, and then we had a brief opportunity to speak more in depth this morning. We got to speak for a few minutes at the final pretrial, but we've not been

able to have any kind of sit-down meeting. Certainly some of our phone calls lasted – could have lasted as long as they needed to.

I agree we may not have the same level of contact as I would like in a case, but I think we've had enough to adequately prepare for trial here today or reach the conclusion that we are reaching here today.

{¶ 5} In response to whether trial counsel's foregoing statements were an accurate representation of appellant's communication with trial counsel, appellant talked about his mental health records and diagnoses. After explaining trial counsel's multiple roles in representing appellant, the trial court asked appellant whether he and trial counsel had discussed his chances of prevailing at trial. Appellant replied, "Yes." Appellant then informed the trial court he was satisfied with trial counsel's representation except for concerns about his mental health history and records and whether trial counsel had obtained the records, reviewed them, and would submit them for sentencing mitigation purposes. The record shows the trial court engaged in a lengthy inquiry with appellant to ensure he was making a knowing, intelligent, and voluntary plea. Following a Crim.R. 11 colloquy, appellant pled guilty to one count of having weapons while under disability and one count of cocaine possession. The remaining counts were dismissed.

{¶ 6} On June 18, 2021, a sentencing hearing was conducted. The record indicates that trial counsel obtained appellant's mental health records and presented them to the trial court prior to sentencing or for inclusion in the presentence-investigative report. The trial court sentenced appellant to an aggregate 18-month prison sentence.

{¶ 7} Appellant now appeals his conviction, raising one assignment of error:

{¶ 8} THE DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 9} Appellant argues he was denied the effective assistance of counsel because

trial counsel lost contact with appellant prior to the May 7, 2021 formal pretrial hearing, "thereby depriving [appellant] of a requisite level of comfort with the plea offer that was being made."

{¶ 10} A defendant who pleads guilty waives the right to claim ineffective assistance of counsel, except to the extent that counsel's deficient performance caused the plea to be less than knowing and voluntary. *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 18.

{¶ 11} To prevail on a claim for ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984). In the context of a guilty plea, the "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). In other words, to show prejudice, the defendant must demonstrate there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Moxley* at ¶ 20; *Lee v. United States*, _U.S._, 137 S.Ct. 1958, 1965 (2017). The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39.

{¶ 12} Appellant does not allege that had trial counsel better communicated and conferred more with him regarding the plea offer, he would not have accepted the plea and would have insisted on going to trial. Rather, appellant's sole complaint relates to his mental health history and records. That is, in the conclusion section of his brief, appellant asserts he "was granted ample opportunity to gather and present mitigating evidence of his mental defects" only after he "was forced into accepting a plea deal after a jury was called in to

- 4 -

serve."

{¶ 13} While trial counsel lost contact with appellant prior to the May 7, 2021 formal pretrial hearing, appellant did not take the plea on that day and the plea offer remained open. On May 18, 2021, the day the jury trial was scheduled, appellant pled guilty to cocaine possession and having weapons while under disability instead of going to trial on those charges and three other charges. The record reflects that during the 11-day period between May 7 and May 18, appellant was able to communicate with trial counsel via phone calls. Moreover, appellant was able to speak more in depth with trial counsel on the morning of May 18, 2021, before he pled guilty. Appellant admitted he and trial counsel had discussed his chances of prevailing at trial. Appellant further admitted he was satisfied with trial counsel's representation, except for concerns regarding whether counsel would submit appellant's mental health records at sentencing for mitigation purposes. Appellant does not argue there was a realistic likelihood he would have been acquitted had he been tried by a jury and the record does not suggest otherwise. Though brief, the extent of appellant's communication with trial counsel was adequate as to the two counts to which he pled guilty.

{¶ 14} The content of appellant's communications with trial counsel is not detailed in the record. Appellant does not identify what advice trial counsel provided or failed to provide which resulted in a guilty plea that was not made knowingly, intelligently, or voluntarily. Appellant also fails to identify any consequences of pleading guilty of which he was unaware which would have been critical to his decision to plead or go to trial. To the extent appellant's claim regarding lack of communication relies on evidence outside the record, the claim is more properly raised in a petition for postconviction relief. *State v. Keister*, 2d Dist. Montgomery No. 29081, 2022-Ohio-856, ¶ 76.

{¶ 15} As stated above, appellant's sole complaint relates to his mental health history and records. Appellant does not argue that his mental health history and records raise a

defense to the offenses. Appellant's characterization of this evidence as "mitigating" indicates it was not relevant to the guilt phase of the proceedings. Certainly, such evidence was not relevant to the cocaine possession and having weapons while under disability charges to which appellant pled guilty and had no bearing on whether appellant would have been better off going to trial. Appellant does not explain how the evidence was connected to or impacted his understanding of the consequences of pleading guilty. Rather, the evidence was relevant to sentencing. However, appellant does not argue trial counsel was ineffective during sentencing.

{¶ 16} In light of the foregoing, we find that appellant failed to demonstrate that trial counsel's performance was deficient and that but for this deficiency, he would not have pled guilty and would have insisted on going to trial.

{¶ 17} Appellant's assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.