[Cite as *State v. Hawks*, 2022-Ohio-4137.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2021-11-103<br>CA2021-11-104 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 11/21/2022 |
| JESSE HAWKS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case Nos. 21CR37894 and 21CR38472

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.

**BYRNE, J.**

{¶1}   In this consolidated appeal, Jesse Hawks contends that his defense counsel provided ineffective assistance of counsel.  For the reasons described below, we find that Hawks has failed to demonstrate ineffective assistance and we affirm Hawks' convictions.

### I. Procedural and Factual Background

{¶2}   In March 2021, in case number 21CR37894, a Warren County grand jury indicted Hawks on one count of aggravated possession of drugs in violation of R.C.

2925.11(A). The following month, the Warren County Court of Common Pleas appointed defense counsel to represent Hawks. In May 2021, Hawks moved for intervention in lieu of conviction pursuant to R.C. 2951.041.

{¶3} While the possession charge was pending, Hawks remained incarcerated at the Warren County Jail. Hawks requested a medical furlough due to significant medical needs. On May 24, 2021, the court filed an entry and order granting Hawks' requested medical furlough. The court ordered Hawks released to Atrium Medical Center and further ordered that Hawks, upon discharge from Atrium Medical Center, "shall immediately return to the Warren County Jail." The entry and order indicated that Hawks' failure to return to the Warren County Jail would result in the filing of escape charges.

{¶4} Three days later, the court issued an order reflecting that Hawks had failed to return to the Warren County Jail from his medical furlough. The court ordered a capias warrant be issued.

{¶5} On October 11, 2021, a Warren County grand jury indicted Hawks for one count of escape, a violation of R.C. 2921.34(A)(1). This indictment occurred in case number 21CR38472—that is, in a second, separate case from case number 21CR37894, the case involving the possession charge. The state premised the escape charge on the allegations related to Hawks failing to return to jail from his medical furlough to Atrium Medical Center.

{¶6} The court appointed the same defense counsel who was representing Hawks on the possession charge to represent Hawks on the escape charge. On October 21, 2021, the court held a hearing on intervention in lieu of conviction in the possession case and a pretrial hearing and scheduling conference with respect to the escape charge at the same time. Hawks appeared at the combined hearing with his defense counsel.

{¶7} At the combined hearing, the court asked Hawks' counsel whether Hawks

would offer a plea on the escape charge. Defense counsel indicated that he did not have a plea ready yet on the escape charge but that another hearing was scheduled with respect to the escape charge, six days later, on October 27, 2021. Defense counsel indicated that it was his hope that they would have a plea ready on the escape charge by then.

{¶8} The court then asked why the parties could not resolve the plea that day. Defense counsel responded by stating that he and the assistant prosecutor did not "know much" about the escape charge as a grand jury had just indicted Hawks.

{¶9} The prosecutor then offered, "I believe he was indicted last week and was arraigned last week. This was a quick set. I was able to complete discovery but I think it was only on Tuesday. So [defense counsel] likely hasn't had a chance to even review that yet. So it's a very quick setting in terms of trying to get the escape case resolved." The court, referring to the previously scheduled upcoming hearing on the escape charge, responded, "Okay. You can do it on the 27th."

{¶10} Defense counsel then replied: "I mean it doesn't matter. If he [referring to Hawks] wants to resolve it today, I'm willing to do the plea form with [the assistant prosecutor] today to try to resolve it today, that's fine. Like I said, [the assistant prosecutor] and I walked right into this today."

{¶11} The court asked defense counsel if he had talked to Hawks about the offense and plea. Defense counsel responded,

> I was on the previous case [referring to the possession charge].
> I know what the allegation is. It's from when he was in the
> hospital while the other case was pending and it's a walk away
> from the hospital. So I mean I'm aware of the allegations.

The court then asked Hawks, "Okay. Do you want to get this over today with a plea or do you want to wait and see what the discovery reveals and let your attorney review this and discuss it with you?" Hawks responded, "I'd like to resolve all of this today, Your Honor."

{¶12} The court proceeded with the plea hearing. The court, pursuant to Crim.R. 11, informed Hawks of the various rights he was foregoing by pleading guilty, including his right to a jury trial and the state's burden of proof, the right to confront and compel witnesses, and the right against self-incrimination. Hawks individually acknowledged those rights and acknowledged that he understood he was giving up those rights.

{¶13} Hawks pleaded guilty to the possession charge. The court granted Hawks intervention in lieu of conviction on the possession charge, stayed the possession proceedings, and placed Hawks under the general supervision of the Adult Probation Department for three years. Hawks also pleaded guilty to the escape charge. The court found Hawks guilty of escape and sentenced him to three years of community control.

{¶14} Hawks appealed both his possession charge and his escape charge. This court sua sponte consolidated the two appeals.

## II. Law and Analysis

{¶15} While this is a consolidated appeal arising from both the possession charge and the escape charge, Hawks' appellate brief only argues and assigns error with respect to his conviction on the escape charge. Hawks does not assign error with regard to the possession charge, so we need not analyze that charge further.

{¶16} With respect to the escape charge, Hawks' sole assignment of error states:

{¶17} APPELLANT'S CONVICTION FOR ESCAPE MUST BE REVERSED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶18} Hawks contends that his defense counsel was ineffective because his counsel had no knowledge of the state's discovery and therefore could not advise Hawks concerning that discovery, discuss potential defenses, or consider "sentencing nuances." Hawks argues that his counsel was deficient by "leaving the decision to [Hawks] to get [his plea]

done today [that is, at the October 21, 2021 hearing], without the benefit of diligent representation * * *." After our review of the record and the applicable case law we conclude that Hawks is incorrect.

### A. Standard of Review

{¶19} "To establish ineffective assistance of counsel, appellant must show (1) deficient performance by counsel, that is, performance falling below an objective standard of reasonable representation, and (2) prejudice, that is, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different." *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 16, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984); *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62.

{¶20} Regarding the objective standard of reasonable representation, the United States Supreme Court in *Strickland* recognized that there are "countless ways to provide effective assistance in any given case." *Id.* at 689. Accordingly, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* And, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance* * *." *Id.*

{¶21} Regarding the prejudice requirement, we have explained that prejudice exists where there is a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Taylor* at ¶ 16. In cases in which an appellant alleges ineffective assistance with regard to a guilty plea, "to show prejudice, the defendant must demonstrate there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial." *State v. Byrd*, 12th Dist. Madison No. CA2021-07-011, 2022-Ohio-1364, ¶ 11, *citing State v. Moxley*, 12th Dist.

Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 20; *and Lee v. United States*, __ U.S. __, 137 S.Ct. 1958, 1965 (2017). The failure to demonstrate either deficient representation or prejudice is fatal to an ineffective assistance of counsel claim. *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 54.

### B. Analysis of Ineffective Assistance Claim

**{¶22}** An attorney's failure to review evidence in a case prior to a defendant entering a plea is ordinarily problematic. *See State v. Tribune*, 12th Dist. Warren No. CA2016-04-027, 2017-Ohio-1407, ¶ 9. However, this court will not find deficient performance under such circumstances where the record supports the conclusion that a defendant entered a guilty plea entirely on his or her own accord. *Id.* We have decided two cases in recent years involving this issue.

**{¶23}** In *Tribune*, the defendant's counsel stated during the plea hearing that he had not reviewed the state's evidence, had explained this to his client, and had suggested moving to suppress, explaining that the defendant had nothing to lose by doing so. *Id.* at ¶ 8. Nonetheless, defense counsel stated that the defendant had "explained to me that he felt that he committed the crime and he wants to get it going as quickly as possible. And that's why we are here." *Id.* The defendant then pleaded guilty to two counts of OVI. *Id.* at ¶ 2-3.

**{¶24}** We rejected Tribune's claim of ineffective assistance, finding that the record reflected that the decision to plead was Tribune's decision, was "fully his own, untainted by ineffective assistance of counsel, and there is no evidence to suggest that [the defendant] would not have pled guilty under different circumstances." *Id.* at ¶ 9. We affirmed Tribune's conviction. *Id.* at ¶ 12, 27.

**{¶25}** Second, in *State v. Fluhart*, 12th Dist. Clermont No. CA2020-12-069, 2021-

Ohio-2153, a trial court accepted the defendant's no contest plea even though the record reflected that defense counsel had just been appointed and had not yet received discovery. *Id.* at ¶ 5-7. Fluhart's counsel explained that the state had not yet provided discovery and that all she could go on was her discussions with Fluhart and answering any questions that he had about the plea process. *Id.* at ¶ 5. The court told Fluhart that he could request more time to speak with his attorney and the court would provide that time. Fluhart confirmed he understood but still wished to go forward with the plea agreement. *Id.* On appeal, Fluhart argued that his trial counsel provided ineffective assistance by failing to review discovery and discuss all aspects of the case with him. *Id.* at ¶ 32.

**{¶26}** We found that Fluhart's case was like *Tribune*. *Fluhart* at ¶ 38. Fluhart confirmed that he wished to go forward with the plea despite his counsel stating on the record she had not received discovery and was missing information. We further noted that the court advised Fluhart that he could use his attorney's services more fully, but Fluhart instead chose, by his own volition, to go forward with the plea. We found that Fluhart's decision was fully his own and untainted by ineffective assistance of counsel. *Id.*

**{¶27}** Here, Hawks' counsel and the prosecutor both acknowledged during the plea hearing that defense counsel had not yet had a chance to review the state's discovery. Hawks' counsel indicated that there was a hearing date coming up in less than one week and that he would be prepared for a plea at that time. Hawks' counsel noted that he represented Hawks on a somewhat related offense—that is, the possession charge—and that he was aware of the allegations regarding escape. The court stated that it would continue the matter until that later date, thus allowing Hawks' counsel additional time. Hawks was present for this exchange.

**{¶28}** The court then asked Hawks if we would rather resolve everything "today"

with a plea or if he would prefer to wait and see what the discovery revealed and discuss it with his defense counsel before making a plea. Hawks unequivocally responded that he wanted to resolve it all that day.

{¶29} The prosecutor indicated that he would need a few minutes to prepare a plea form, and the record reflects that a recess occurred at that point. Upon resuming from that recess, nothing in the record indicates that Hawks changed his mind or otherwise had any questions. The record also does not indicate whether Hawks and his counsel conferred during the recess, nor what they may have discussed. The trial court engaged Hawks in a Crim.R. 11 colloquy and Hawks indicated his awareness of the rights he was giving up by pleading guilty, i.e., his right to a jury trial and the state's burden of proof, the right to confront and compel witnesses, and the right against self-incrimination. After acknowledging these rights, Hawks stated that it was his intention to plead guilty.

{¶30} Given these facts, the circumstances in this case are substantively like those in *Tribune* and *Fluhart*. Like in those cases, Hawks' counsel openly and candidly discussed the lack of opportunity to review discovery. The court informed Hawks that it would postpone proceedings to allow his attorney to review such discovery and to advise him concerning what the discovery revealed. Hawks declined this offer and stated that it was his intention to plead guilty. Like in *Tribune*, Hawks indicated that he wanted the case resolved as quickly as possible, i.e., "today." Hawks proceeded with the plea hearing entirely on his own accord and nothing in the record indicates any lack of enthusiasm or wavering of his intention to enter a guilty plea to the escape charge.

{¶31} In hindsight, Hawks may now wish he had accepted the court's offer to briefly continue the proceedings to permit him to use his attorney's services more fully, to permit counsel to review the discovery and then discuss the discovery and potential defenses with

Hawks, or to consider sentencing nuances. However, Hawks refused that opportunity and was adamant that he wanted to resolve the matter immediately.

{¶32} Based on the foregoing, we find that Hawks' decision to plead guilty to the escape charge was "fully his own, untainted by ineffective assistance of counsel." *Tribune* at ¶ 9. *Accord Fluhart* at ¶ 38 ("the record reflects that Fluhart was advised that he could utilize his attorney's services more fully, but instead chose, by his own volition, to go forward with his no contest pleas"). As a result, Hawks has not demonstrated that his counsel's performance fell below an objective standard of reasonable representation; this failure is fatal to his assignment of error without the need to separately consider prejudice. *Taylor*, 2019-Ohio-3437 at ¶ 16; *Kaufhold*, 2020-Ohio-3835 at ¶ 54.

{¶33} However, even if Hawks had established deficient performance by his trial counsel, we would still find that Hawks did not prove ineffective assistance because he also failed to demonstrate prejudice. As explained above, in cases in which a defendant alleges ineffective assistance with regard to a guilty plea, "to show prejudice, the defendant must demonstrate there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Byrd*, 2022-Ohio-1364 at ¶ 11, *citing Moxley*, 2012-Ohio-2572 at ¶ 20; *Lee*, 137 S.Ct. at 1965. Here, not only did Hawks not make such a showing, but Hawks did not even *attempt* to make such a showing. Instead, Hawks simply stated that he "asks this Court to consider whether the record supports that this Court should accept the reasonable probability that but for counsel's deficient performance, there are sufficient grounds to undermine this Court's confidence in the outcome." He further stated, "Accepting [the] State's uncontested allegations regarding the F-3 Escape charge, where [Hawks] did not benefit from the advice of competent counsel makes confidence in the outcome speculative." In other words, rather than making an

argument regarding prejudice, Hawks simply invites the court to search the record to determine whether he was prejudiced. Because Hawks offers no argument supporting the prejudice prong of *Strickland*, he has failed to demonstrate ineffective assistance. *State v. Bey*, 85 Ohio St.3d 487, 493 (1999).

**{¶34}** We overrule Hawks' sole assignment of error.

### III. Conclusion

**{¶35}** Hawks' decision to plead guilty with respect to the escape charge was his own. His allegations of ineffective assistance are meritless. Hawks makes no further argument and assigns no error regarding the possession charge.

**{¶36}** Judgments affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.