[Cite as *State v. Johnson*, 2023-Ohio-879.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-09-063 |
| | : | O P I N I O N |
| - vs - | | 3/20/2023 |
| | : | |
| JEROMY JOHNSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37419

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

The Kollin Firm, LLC, and Thomas M. Kollin, for appellant.

**PIPER, P.J.**

{¶1}   Appellant, Jeromy Johnson, appeals a decision of the Warren County Court of Common Pleas denying his petition for postconviction relief without a hearing.  For the reasons detailed below, we affirm the trial court's decision.

**Investigation**

{¶2}   The Warren County Drug Task Force ("Task Force") investigated Johnson for

trafficking drugs out of his home. The record indicates that during the investigation, law enforcement conducted traffic stops on two vehicles that had just left Johnson's residence. Both individuals stopped were in possession of cocaine. According to the statement of facts at the plea hearing, the individuals told law enforcement they had purchased the cocaine from Johnson. Subsequently, the Task Force obtained a search warrant for Johnson's home.

{¶3} The search warrant was executed on May 20, 2020. The search led to the discovery of 91 grams of cocaine, two firearms, and U.S. currency. Johnson admitted that he had been selling cocaine for some time. Based upon the foregoing, Johnson was indicted for trafficking in cocaine with firearm and forfeiture specifications, possession of cocaine with firearm and forfeiture specifications, having a weapon under disability, possession of drugs, possessing criminal tools, and endangering children.[1]

**Court Proceedings**

{¶4} Johnson hired the law firm Rion, Rion & Rion, L.P.A. to represent him. The record reflects that Jon Paul Rion signed and filed a notice of appearance on December 15, 2020, indicating that the Rion firm would be representing Johnson. Thereafter, Johnson appeared at several hearings with Christopher Cavalier from the Rion firm.

{¶5} The record shows that additional searches were conducted at Johnson's home in December 2020 and January 2021. Both searches apparently yielded additional evidence of Johnson's involvement in criminal activity, however, pursuant to a later plea agreement no further charges were brought.

{¶6} On February 22, 2021, Johnson appeared before the trial court for a hearing with another attorney from the Rion firm, Ashley Caldwell. Caldwell represented to the court

---

1. The endangering children charge was based upon Johnson's son being present in the home.

that Cavalier was no longer with the firm and that she was filling in. However, Caldwell stated that Jon Paul Rion would be representing Johnson in future proceedings. The state indicated in open court that it had attempted to convey a plea offer to Johnson's former attorney, Cavalier, but had not heard back in response. Therefore, the state extended the plea offer to Caldwell and Johnson on the record.

{¶7} The state's plea offer was for Johnson to plead guilty to one count of trafficking in cocaine with accompanying firearm and forfeiture specifications, and to the endangering children charge. In exchange, the state would agree to a prison sentence of four-to-six years plus an additional one year for the firearm specification, for a total prison sentence of five-to-seven years. The sentence for endangering children would be served concurrently. The remaining charges would be dismissed. The state also agreed that it would not further prosecute Johnson for charges arising out of the December 2020 and January 2021 searches of his home.

**Guilty Plea**

{¶8} Johnson appeared with Jon Paul Rion for a combined plea and sentencing hearing on March 22, 2021. At the plea hearing, Johnson acknowledged to the court that he understood the terms of the plea agreement, the nature of the charges, and the maximum penalties. Johnson also stated that he understood the court was going to sentence him to a minimum of five years to a maximum of seven years in prison pursuant to the plea agreement. He further stated he understood he would be subject to post-release control, the consequences of violating post-release control, and his constitutional rights he was giving up by pleading guilty. Johnson affirmed that the signature on the written plea form was his signature, and that he had reviewed the form with his attorney before signing it. The trial court asked Johnson if he was satisfied with the representation he received in the case. Johnson responded "Yes, sir." After receiving Johnson's plea of guilty, the court

sentenced Johnson in accordance with the plea agreement. Johnson did not file a direct appeal.

## Petition for Postconviction Relief

{¶9} On April 21, 2022, Johnson filed a petition to vacate or set aside judgment of conviction or sentence, asserting that he received ineffective assistance of counsel due to his counsel's alleged failure to adequately investigate the case and consult with him. In addressing the statement of facts for his claim, Johnson offered a scattered, and wide-ranging account of the representation. In summary, Johnson claimed there was miscommunication in the representation and noted that he had three different attorneys from the Rion firm. He maintained that Jon Paul Rion "did not do anything to help my situation or negotiate a better deal." He cited hearsay from other unidentified "lawyers" who allegedly told his girlfriend that she needed to "light a fire under [Jon Paul Rion's] butt to get him to be better."

{¶10} Notably, Johnson did not claim to be innocent or argue there was any deficiency with his plea. Johnson stated "I entered the courtroom nervous, scared, mentally drained and in shock. I did not know what to do. I just wanted it to be over. I agreed to the plea, and signed the paperwork. I also agreed that my lawyer did a good job." He also did not dispute that law enforcement found 91 grams of cocaine in his home even though he claimed it was "mostly" for personal use. Concluding, Johnson stated "I think the biggest problem was no one went over the discovery packet with me, I would have discussed the issues with it before the plea was negotiated. And not getting any consideration for my cooperation, COVID, character, and age."

{¶11} In support of his claim, Johnson submitted a document he wrote, as well as documents purportedly signed by his girlfriend, Lisa Craaybeek, and a friend, Kim Hamel. The Craaybeek document addressed the circumstances concerning a search of Johnson's

residence while the Hamel document related to her stop by law enforcement in December 2020.[2] Johnson also attached copies of emails sent from Craaybeek to John Paul Rion expressing disappointment with the legal representation. Johnson also included several audio recordings.[3]

{¶12} The state moved to dismiss or, in the alternative, grant summary judgment. On August 24, 2022, the trial court dismissed Johnson's petition for postconviction relief without a hearing. The trial court found that Johnson's claims were barred by res judicata. The trial court further discounted the credibility of the documents from Craaybeek and Hamel, noting that the documents were unsworn, self-serving, and contained information inconsistent with the record in the case.[4] The trial court also found that Johnson's petition for postconviction relief did not contain operative facts constituting substantive grounds for relief. Johnson now appeals, raising a single assignment of error for review:

{¶13} THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S POST-CONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT AN EVIDENTIARY HEARING AND DISCOVERY IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE SIXTH/FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

---

2. The document from Hamel states that police officers found drugs in her car after a stop in December 2020 and seems to suggest that the stop was related to the Task Force investigation of Johnson. However, there is no clear indication how this account is relevant. Johnson only pled guilty to the crimes charged following the May 2020 search.

3. The audio recordings purportedly involve three different interactions: (1) a phone conversation between Johnson and his attorney, (2) a conversation between Johnson and a detective, and (3) an audio recording of the execution of a search warrant.

4. We note that "appellate courts may not decide the credibility of an affidavit supporting a postconviction petition in the first instance." *State v. Blanton*, Slip Opinion No. 2022-Ohio-3985 at ¶ 98. However, when reviewing a postconviction-relief petition, a trial court may judge the credibility of a supporting affidavit and discard claims that are purely frivolous. *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 284-285 (1999). "Such a decision should be within the discretion of the trial court." *Calhoun* at 285. For purposes of appellate review, however, when a trial court "discounts the credibility of sworn affidavits," it should "include an explanation of its basis for doing so." *Blanton* at ¶ 98; *Calhoun* at 285. In this case, the trial court discounted the credibility of the documents and properly included an explanation for doing so.

**Appeal**

{¶14} In his sole assignment of error, Johnson argues the trial court erred by denying his petition for postconviction relief without an evidentiary hearing. In so doing, Johnson claims he presented sufficient evidence de hors the record to merit an evidentiary hearing and discovery on his claim for ineffective assistance of counsel. We find Johnson's argument to be without merit.

**Ineffective Assistance of Counsel**

{¶15} As in all ineffective assistance of counsel claims, Johnson was required to show that his counsel's actions were outside the wide range of professionally competent assistance, and that prejudice resulted by reason of counsel's actions. *State v. Martin*, 12th Dist. Warren Nos. CA2003-06-065 and CA2003-06-066, 2004-Ohio-702, ¶ 12, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). A defendant must prove that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 17. In cases in which a defendant alleges ineffective assistance regarding a guilty plea, "to show prejudice, the defendant must demonstrate there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial." *State v. Byrd*, 12th Dist. Madison No. CA2021-07-011, 2022-Ohio-1364, ¶ 11.

{¶16} "A trial court's decision resolving a postconviction claim of ineffective assistance of counsel 'will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence.'" *State v. Long*, 12th Dist. Warren No. CA2021-02-014, 2021-Ohio-3651, ¶ 35, quoting *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 133. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063,

2013-Ohio-2394, ¶ 34.

## Petition for Postconviction Relief

{¶17} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Initial petitions for postconviction relief are governed by R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. When a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the petition. *State v. Harris*, 12th Dist. Butler No. CA2019-07-121, 2020-Ohio-4101, ¶ 14.

## No Substantive Grounds for Relief

{¶18} "An evidentiary hearing is not automatically guaranteed each time a defendant makes a petition for postconviction relief." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11. "Before a trial court may grant a hearing on a petition, it must evaluate the petition in the context of the entire record in the case to determine whether the petition alleges 'substantive grounds for relief.'" *State v. Blanton*, Slip Opinion No. 2022-Ohio-3985, ¶ 24, quoting R.C. 2953.21(D). "A petition presents substantive grounds for relief when it contains allegations that are sufficient to state a constitutional claim and the files and records of the case do not affirmatively disprove the claim." *Id*.

## Res Judicata

{¶19} Another basis for denying a postconviction petition without a hearing is that

the claims are barred by res judicata. "The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding. * * * So a court reviewing a postconviction-relief petition generally may not decide a claim that could have been presented at trial and raised on direct appeal." *Blanton* at ¶ 2, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

**{¶20}** However, as noted by the Ohio Supreme Court in *Blanton*, postconviction petitions claiming ineffective assistance of counsel "pose unique challenges." *Id.* at ¶ 29. In these cases, res judicata does not bar claims for postconviction relief, inter alia, when a petitioner "must rely on evidence outside the trial record to establish his claim for relief." *Id.* at ¶ 2, citing *State v. Cole*, 2 Ohio St.3d 112, 113-114 (1982).[5]

**{¶21}** Still, merely providing evidence outside the record is not sufficient to entitle a petitioner to a hearing.[6] Rather, to secure a hearing, a petitioner "'must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the [petitioner].'" *Id.* at ¶ 31, quoting *Cole* at 114.

**{¶22}** The supreme court articulated there is a two-part inquiry to determine whether a petitioner who brings forth evidence outside the record of ineffective assistance of counsel is entitled to a hearing: (1) "Has the petitioner introduced competent evidence of ineffective assistance of counsel that was not included in the trial record?" and (2) "if so, does that

---

5. The supreme court indicated that while *Cole* referenced "res judicata," in the opinion, "a better understanding of the holding in *Cole* is simply that the evidence in that case did not present a substantive claim for relief." *Blanton* at ¶ 32.

6. This was the case prior to *Blanton* as well. This court has previously stated that "'[e]vidence presented outside the record must meet some threshold standard of cogency.'" *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 16, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995). If evidence that did not meet this threshold of cogency were sufficient, a petitioner could overcome res judicata "'by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypotheses and a desire for further discovery.'" *Lawson* at 315, quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485, *21 (Mar. 17, 1993).

evidence present substantive grounds for relief; that is, if believed, would the newly presented evidence—together with any evidence in the trial record—establish that counsel was ineffective?" *Blanton*, 2022-Ohio-3985 at ¶ 33.

**Analysis**

{¶23} On appeal, Johnson claims the deficiency in his legal representation "produced an unreliable result." He claims to have raised "salient issues" about communication issues with his former attorney that merit, "at a minimum, the opportunity to develop these allegations at an evidentiary hearing." He further claims to have supported his argument with "credible evidence not contained in the trial court record."

{¶24} As noted above, Johnson attached various documents and recordings to his petition that were not contained in the record below, including a document containing his own thoughts on the case. Johnson attached a document from his girlfriend, Craaybeek, who complained about the Task Force and their execution of the search warrant. Also included was an email from a friend, Hamel, who complained about an incident where she was pulled over and drugs were found in her car. Johnson also attached purported emails sent by Craaybeek to Jon Paul Rion expressing dissatisfaction with the representation. Further, he included three audio recordings: (1) a conversation purportedly between Johnson and Jon Paul Rion, (2) a conversation purportedly between Johnson and a detective, and (3) an audio recording of the execution of a search warrant.

{¶25} The trial court provided three reasons for denying Johnson's petition for postconviction relief. First, it concluded that because Johnson could have raised these issues previously, his claim was barred by res judicata. Second, it concluded that the documents attached to Johnson's petition lacked credibility. It noted that the documents were unsworn and contained speculative allegations, including hearsay statements. The trial court stated that both Craaybeek and Hamel were strongly aligned with Johnson and

were interested in the success of Johnson's efforts.  Further, the court found that Johnson's own statements were unreliable and were, at times, contradicted by other evidence.  Finally, the trial court determined that Johnson could not establish he was prejudiced by trial counsel's actions.  Therefore, the trial court found Johnson did not set forth sufficient operative facts to establish substantive grounds for relief.  Thus, the trial court did rule on the merits of Johnson's petition.

{¶26} After reviewing the record, we find the trial court did not err by denying Johnson's petition for postconviction relief without a hearing.  It is well established that "a court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. 668 at 670.  *See also State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000) ("A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.")

{¶27} Even if we were to find that Johnson presented competent evidence that his counsel was deficient, Johnson's appeal does not address any aspect of the *Strickland* prejudice prong.  As noted above, because Johnson pled guilty, he was required to demonstrate there was a reasonable probability that he would not have pled guilty and would have insisted on going to trial.  *Byrd*, 2022-Ohio-1364 at ¶ 11.  Here, Johnson only claims the deficiencies by his trial counsel produced an "unreliable result."  He states that the "salient issues" that he raises merit "an opportunity to develop these allegations at an evidentiary hearing."

{¶28} Yet he makes no argument that there was a reasonable probability, but for counsel's errors, that he would not have pled guilty and insisted on going to trial.  In his petition for postconviction relief, Johnson summarily argued that trial counsel could have negotiated a better plea agreement.  However, that is pure speculation.  The plea

agreement that Johnson entered into was highly favorable to him. Johnson pled guilty to less than half the charges in the indictment and received a reduced sentence. By pleading guilty to a first-degree felony, Johnson faced an 11 to 16-and-one-half year maximum prison term on that count alone. Johnson was only sentenced to a prison term of four-to-six years on that count, with the second count running concurrently, and an additional one-year specification. In addition, the state agreed not to prosecute Johnson further based upon evidence discovered from the two subsequent searches.

{¶29} Johnson only speculates that he could have received a better deal based upon dubious claims. Though he speculates that his trial counsel "did not do anything to help my situation or negotiate a better deal," there is nothing to support his allegations. As this court has previously stated, an appellate court will not infer a defense failure to investigate from a silent record. *State v. Ruggles*, 12th Dist. Warren No. CA2021-03-023, 2022-Ohio-1804, ¶ 30. In this case, Johnson's trial counsel secured a highly favorable plea agreement and after being fully advised of his rights, Johnson pled guilty to only two counts, one with a specification. When asked if he was satisfied with the representation, Johnson answered "Yes, sir." Accordingly, we find Johnson failed to present substantive grounds for relief. *See State v. Campbell*, 6th Dist. Lucas No. L-17-1289, 2019-Ohio-5004, ¶ 62-63.

{¶30} We further note that in the materials presented for relief, Johnson admitted that law enforcement found 91 grams of cocaine at his home and at least some of that drug was for purposes of trafficking. He did so when he acknowledged that the quantity of drugs was "mostly" for his personal use.[7] Johnson does not claim any irregularity in the plea hearing and, in fact, stated "I just wanted it to be over. I agreed to the plea, and I signed

---

7. Johnson also attached a purported audio recording between himself and a detective where Johnson discussed buying and selling drugs. Furthermore, while Johnson claimed that he did not own the guns found in his residence, he does not dispute that the guns were, in fact, found in his residence.

the paperwork. I also agreed my lawyer did a good job." Based upon a thorough review, we find the evidence presented, even if believed, did not establish a violation that was prejudicial to the defendant. *Blanton*, 2022-Ohio-3985 at ¶ 52. The trial court was correct in finding Johnson's petition for relief and exhibits did not contain operable facts constituting substantial grounds for relief. Accordingly, we find the trial court did not err by denying Johnson's petition for postconviction relief without a hearing. Johnson's sole assignment of error is overruled.

{¶31} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.